GEORGE F. HILL *vs.* JOHN A. WILES.

Penobscot.    Opinion February 16, 1915.

*Attachment.    Mortgage.    Notice.    R. S., Chap. 83, Sec. 46.    Sale.*
*Tender.    Trespass de bonis asportatis.    Waiver.*

R. S., Chap. 83, Sec. 46, provides that an officer who has attached mortgaged
chattels may give written notice thereof to a claimant under the mortgage, and
that if the claimant does not within ten days thereafter deliver to the officer a
true account of the amount due on his claim, he thereby waives the right to
hold the property thereon.

*Held*, under this statute,

1.   That the officer may give the "written notice" after, as well as before, a sale
of the chattels on execution.

2.   That a delivery by the claimant of a "true account" to the attaching creditor's
attorney is not a delivery to the officer, and is not sufficient.

On exceptions by plaintiff.    Exceptions overruled.

This is an action of trespass de bonis asportatis for a bike trotting
sulky, claimed by the plaintiff as assignee of a mortgage covering said
sulky, and attached and sold by said defendant as deputy sheriff, in
a suit of *Dover and Foxcroft Light and Heat Co.* v. *A. A. Huntington*,
the assignor of said mortgage, to the plaintiff.    Plea, the general
issue, with brief statement.

The case is stated in the opinion.

*A. L. Blanchard*, for plaintiff.

*C. W. Hayes*, for defendant.

SITTING:    SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, C. J.    Trespass de bonis asportatis for a bike trotting
sulky.    A verdict was directed for the defendant, and the plaintiff
excepted.

The material facts are not in dispute.    The sulky was mortgaged
November 10, 1911.    The mortgage was assigned to the plaintiff
August 15, 1913.    Both the mortgage and the assignment were duly

recorded.   The defendant, a deputy sheriff, attached the sulky June
5, 1913, as the property of the mortgagor, seized it on the execution
August 20, and sold it August 26, 1913.   The defendant did not have
actual notice of plaintiff's mortgage interest, nor, as it would seem,
did the plaintiff have knowledge of the attachment, seizure or sale,
until after the sale.   On September 6, following, the defendant gave
the plaintiff written notice of the attachment and seizure, but not of
the sale.   The plaintiff claims that thereupon he notified the credi-
tor's attorney, by letter, of his mortgage, and the amount due thereon.
The attorney denies having received the letter.   The burden on
this issue is on the plaintiff, and he fails.   The presumption of deliv-
ery, arising from the known regularity of the mail service, is rebutted.
But if it were conceded that the letter was received by the attorney,
the plaintiff is in no better situation.   The statute, R. S., Chap. 83,
Sec. 46, provides that the officer may give the claimant written notice
of his attachment, and that if the claimant "does not within ten days
thereafter, deliver to the officer a true account of the amount due on
his claim, he thereby waives the right to hold the property thereon."
The statute requires a delivery of the "true account" to the officer.
Delivery to the creditor's attorney is not delivery to the officer.
*Phillips* v. *Fields*, 83 Maine, 348.   No "true account" was given to
the officer within ten days after September 6, 1913, nor, in fact, until
January 26, 1914.   It follows, so the defendant contends, that the
plaintiff has waived his right to hold the property.   *Colson* v. *Wilson*,
58 Maine, 416.

On the other hand, in reply to this, the plaintiff says the statute
does not apply.   He says that even if, on September 6, the defendant
gave written notice to the plaintiff that he had attached the property,
it was too late, because it was after the sale, that therefore the notice
was ineffective, and that for that reason the plaintiff was not bound to
deliver a true account within ten days.   In other words, the plaintiff
contends that the "written notice" by the officer, provided for by the
statute, must be given before the sale, and cannot be given with
effect afterwards.   His ground is that after the sale there is no
attachment to give notice of,—that it has ceased to exist.

We think that such a construction of the statute as is contended for
would be too narrow.   The legislature has not said that the notice
must be given before a sale, and not after.   If it is to be so held, it
must be by construction, and not by expression.   The court, in

*Nichols* v. *Perry*, 58 Maine, 29, said that "this statute is to be fairly and liberally construed in furtherance of its object. It was designed to prevent the assertion, by a suit involving cost and expense, of an outstanding title, the existence of which was unknown to the officer making the attachment, . . . and to give the officer, or attaching creditor, an opportunity to pay the mortgage, if he chose, or to release the attachment without being subjected to cost for an inadvertent and harmless interference with the rights of the mortgagee." And such is the unquestionable purpose of the preceding section, Sec. 45, which provides that the claimant must give the officer at least forty-eight hours written notice of the claim and the amount, before suit, and that the officer may discharge the claim by paying or tendering the amount. Both these sections were originally enacted at the same time, in the same statute, Laws of 1859, Chap. 114, and were intended, we think, to accomplish the same general purpose, to enable the attaching creditor or officer to discharge a claim, by payment of the amount due, and retain the benefit of the attachment.

Now it was held in *Holmes* v. *Balcom*, 84 Maine, 226, that under Sec. 45, the claimant may give the written notice of the claim and the amount after, as well as before, the sale. The claimant may give that notice any time before his claim is barred by the statute of limitations. And then the officer may discharge the claim by paying the amount. And if the officer may have the right to pay and discharge after sale, under Sec. 45, there is, at least, no incongruity in affording him that privilege under Sec. 46. And such, we think, was the legislative intention. The two sections go along, pari passu. Under Sec. 45, the officer will have, necessarily, the right to pay at some time, since suit cannot be brought against him until he has forty-eight hours' notice, and an opportunity to pay. But under Sec. 46, he is not compelled to wait the delays of the claimant, but by giving notice he can force him to disclose his claim within ten days.

In either case the creditor gets what belongs to him, and all that belongs to him, his debt and interest. We can find no discriminating reasons, therefore, why the construction given in *Holmes* v. *Balcom* to Sec. 45 should not be applied to Sec. 46. Under either section the officer is enabled to protect himself, and to protect a sale already made. We so conclude.

*Exceptions overruled.*